IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

STEVEN E. DENKENBERGER, JR.,

    Plaintiff,

      v.                               CIVIL NO.: WDQ-10-1726

MARYLAND STATE PAROLE
COMMISSION, et al.,

    Defendants.

MEMORANDUM OPINION

Steven E. Denkenberger, Jr. sued the Maryland State Parole Commission (the "Parole Commission"), the Maryland Correctional Training Center (the "MCTC"), Parole Commission Chairman David R. Blumberg, and MCTC Warden D. Kenneth Horning (collectively, the "defendants") under 42 U.S.C. § 1983 for due process violations.[1] For the following reasons, the defendants' motion to dismiss will be granted.

I.    Background[2]

In 2004 and 2005, Denkenberger[3] committed second-degree assault in Baltimore County. *See* ECF No. 10, Exs. A–B. On May 17, 2005, Denkenberger was sentenced to two concurrent five-year sentences[4] for those offenses: Cases Number 04CR4821 ("Case One") and 05CR00168 ("Case Two"). *Id.*

---

[1] No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010).

[2] For the motion to dismiss, the well-pled allegations in Denkenberger's complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

[3] Currently a Mount Olive Correctional Complex inmate in West Virginia. *See* Compl. 1.

[4] Commencing December 6, 2004. ECF No. 10, Exs. A–B.

On May 11, 2006, Denkenberger appeared for his first parole hearing. ECF No. 10, Ex. E. Parole Commission Hearing Officer Ruth Ann Ogle decided to "hold" the case until she received a copy of the Case One "State's Version [of the offense]." *Id.* She told Denkenberger that he could see the Parole Commission once she obtained that document. *See* Compl. 4. That day, J.J. Wilson, a Maryland Division of Correction ("DOC") case manager, faxed Ogle the State's Versions for Cases One and Two. ECF No. 10, Ex. F. Ogle "overlooked the [Case One] State's Version" in that fax. Ogle Aff. ¶ 6.

On May 15, 2006, Ogle re-requested the Case One State's Version from the DOC. ECF No. 10, Ex. G. She noted, "[The Case Two State's Version is the] one I have. Need [Case One]." *Id.* That day, she also requested the Case One State's Version from Baltimore County's Division of Parole and Probation (the "DPP"). ECF No. 10, Ex. H.

On May 17, 2006, Wilson sent Ogle both State's Versions. ECF No. 10, Ex. I. However, Ogle again overlooked Case One. Ogle Aff. ¶ 6.

On June 1, 2006, Tremayne Copeland, a Parole Commission clerk, sent both State's Versions to Camellia Roseman, a MCTC parole agent. ECF No. 10, Ex. K. Copeland noted that Denkenberger should review these documents "so that a final decision can be rendered in this case." *Id.* On June 13, 2006, Roseman noted in a memorandum, which Denkenberger signed, that Denkenberger "d[id] not wish to review" those records because he already had. ECF No. 10, Ex. L.

On October 11, 2007, "still mistakenly believ[ing]" that the Case One State's Version was missing, Ogle requested it again from the DPP. Ogle Aff. ¶ 7; ECF No. 10 at 11; ECF No. 10, Exs. M–N. She noted, "It appears that it was never faxed[, and] I now have [three] copies of the [Case Two State's Version] *I don't* need." ECF No. 10, Ex. M (emphasis in original). On

October 24, 2007, before the Parole Commission could make Denkenberger's final parole recommendation, he was released on mandatory supervision to a detainer lodged by West Virginia. Ogle Aff. ¶ 8; ECF No. 10, Ex. O.

On June 28, 2010, Denkenberger filed a pro se complaint against the defendants under 42 U.S.C. § 1983 for depriving him of a parole hearing. Compl. 4–5; *id.*, Ex. 1; *see* ECF No. 5. On November 9, 2010, the defendants moved to dismiss or for summary judgment. ECF No. 10.[5] On February 7, 2011, Denkenberger opposed that motion. ECF No. 14.

II. Analysis

  A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325–26 (4th Cir. 2001).

Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764–65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[5] On November 18, 2010, Denkenberger moved for an extension of time, ECF No. 11, which will be granted *nunc pro tunc*. That day, he also moved for appointment of counsel, ECF No. 12, which will be denied because there are no exceptional circumstances. 28 U.S.C. § 1915(e)(1); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1984).

3

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id.* (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

B. The Defendants' Motion to Dismiss

Denkenberger asserts that he had a "liberty interest in the continuation of [the May 11, 2006] parole hearing," and the defendants violated his due process rights by failing to resume it. ECF No. 14 at 1–2; *see* Compl. 4–5; *id.*, Ex. 1. He alleges that MCTC case managers ignored his "many inmate request forms" to "help [him] see the Parole Board" because he was a prison gang member. *Id.*; Compl. 3. Without elaboration, Denkenberger asserts that MCTC Warden Horning is "responsible for all the case managers in his prison," and Parole Commission Chairman Blumberg is "responsible for all of the parole hearings." ECF No. 5. Denkenberger

seeks "compensation for each day [he] spent in prison while [his] due process rights were being violated," "court costs," and "public reprimand." Compl. 4 ¶ IV.

In moving to dismiss, the defendants assert that (1) Denkenberger has failed to state a claim because there is no constitutional right to be paroled, and (2) Horning, Blumberg, and the Parole Commission are immune from suit under the Eleventh Amendment. ECF No. 10 at 4–8.

1. Denkenberger's Due Process Claim

The Fourteenth Amendment due process clause guarantees that no state shall "deprive any person of . . . liberty . . . without due process of law." A liberty due process claim must identify a protected liberty interest. *See Greenholtz v. Inmates of the Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Henderson v. Simms*, 223 F.3d 267, 274–75 (4th Cir. 2000). A plaintiff may bring a civil action to redress due process violations under 42 U.S.C. § 1983.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz*, 442 U.S. at 7.[6] Although Denkenberger asserts that he had a liberty interest in the recommencement of the hearing, ECF No. 14 at 1–2, he had no due process right to a hearing at all because Maryland law "does not create a legitimate expectation of parole release," *Bryant*, 848 F.2d at 493 (district court properly held that Maryland inmate had no due process right to a parole hearing).[7] Thus, Denkenberger

---

[6] If a state creates a protectable expectation of parole by statute--which Maryland does not--due process requires a hearing and a statement of reasons for the denial of parole. *See Greenholtz*, 442 U.S. at 11, 16; *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988).

[7] Under Md. Code Ann., Corr. Servs. § 7-301(a), the Parole Commission need only ask the DOC to
> make an investigation for inmates in a State correctional facility that will enable the Commission to determine the advisability of granting parole to an inmate who: (i) has been sentenced under the laws of the State to serve a term of 6 months or more in a correctional facility; and (ii) has served in confinement one-fourth of the inmate's aggregate sentence.

has not identified a protected liberty interest. He has not asserted and there is no indication that he was imprisoned beyond his sentence.

Also, there is no indication that the Parole Commission purposely refused to consider Denkenberger for parole. Maryland law requires hearing examiners to consider the circumstances surrounding the inmate's offense when considering whether to grant parole. Md. Code Ann., Corr. Servs. § 7-305. The record shows that Ogle was attempting--unsuccessfully--to comply with that requirement. In an effort to examine the background of Case One before making a final parole recommendation, Ogle postponed the May 11, 2006 parole hearing so that she could obtain the State's Version for that offense. *See* ECF No. 10, Ex. E. However, she accidentally "overlooked" the copy sent to her. Ogle Aff. ¶ 6. Ogle re-requested copies of the Case One State's Version, but also missed those.[8] There is no indication that this was intentional; Ogle's October 11, 2007 request for the Case One State's Version suggests her frustration that it was purportedly missing.[9] Ultimately, Ogle could not render a final parole recommendation for Denkenberger because he was released from Maryland custody to a West Virginia detainer on October 27, 2007. *Id.* ¶ 8.

Further, there is no indication that the MCTC ignored Denkenberger's requests for help to see the Parole Board or otherwise delayed the parole process. Indeed, in an effort to help the Parole Commission "final[ize the] decision" on Denkenberger's parole, MCTC parole agent Roseman offered Denkenberger the opportunity to review his records. ECF No. 10, Exs. K–L.

Thus, Denkenberger has failed to state a due process claim.

---

[8] *See* Ogle Aff. ¶ 6; ECF No. 10, Exs. G–H, M (Ogle's 2006 and 2007 requests for the correct State's Version).

[9] ECF No. 10, Ex. M ("It appears that [the Case One State's Version] was never faxed[, and] I now have [three] copies of the [Case Two State's Version] *I don't* need." (emphasis in original)).

2. Eleventh Amendment Immunity

Had Denkenberger properly alleged a due process violation, Horning, Blumberg, and the Parole Commission would be entitled to Eleventh Amendment immunity. The Eleventh Amendment prohibits private suits against non-consenting states and state agencies in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984); *Gray v. Laws*, 51 F.3d 426, 430–31 (4th Cir. 1995). Maryland has not waived its Eleventh Amendment immunity. *Dixon v. Balt. City Police Dep't*, 345 F. Supp. 2d 512, 513 (D. Md. 2003). Thus, Denkenberger's suit "against [the] Parole Commission, an agency of the State of Maryland, is barred by the Eleventh Amendment." *Goodman v. Md. Parole Comm'n*, No. AMD-08-1337, 2009 WL 2170043, at *2 (D. Md. July 15, 2009).

In some circumstances, the Eleventh Amendment also bars suits against a state official in his official capacity. If the action is essentially to recover money from the state, the official may invoke Eleventh Amendment immunity because the state is the real party in interest.[10] However, the state official remains subject to liability if the plaintiff: seeks to enjoin the official from engaging in unconstitutional conduct, alleges that the official's violation is ongoing, and requests only prospective relief.[11]

Because Denkenberger seeks "court costs" and "compensation for each day [he] spent in prison" in alleged violation of his due process rights, Denkenberger essentially seeks money from the state; thus, Maryland--not Horning or Blumberg--is the real party in interest. *See* Compl. 4 ¶ IV; *Antrican*, 290 F.3d at 184. Further, Denkenberger's assertions that Horning is

---

[10] *Pennhurst*, 465 U.S. at 101; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir. 2006).

[11] *Antrican v. Odom*, 290 F.3d 178, 184 (4th Cir. 2002) (*citing Ex parte Young*, 209 U.S. 123, 159 (1908)); *Republic of Para. v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998) (*citing, inter alia, Edelman v. Jordan*, 415 U.S. 651, 666–67 (1974)).

7

"responsible for all the case managers in his prison" and Blumberg is "responsible for all of the parole hearings" do not allege that either defendant has engaged in ongoing constitutional violations. See ECF No. 5; *Allen*, 134 F.3d at 627. Also, Denkenberger seeks damages instead of prospective relief. *See id.*; Compl. 4 ¶ IV (requesting "court costs" and "compensation").[12] Thus, Horning and Blumberg are immune from liability under the Eleventh Amendment.[13]

Accordingly, the defendants' motion to dismiss must be granted.

III. Conclusion

For the reasons stated above, the defendants' motion to dismiss will be granted.

_____6/24/11_____  
Date

_____/s/_____  
William D. Quarles, Jr.  
United States District Judge

---

[12] To the extent Denkenberger seeks mandamus relief in the form of a "public reprimand," *see* Compl. 4 ¶ IV, federal district courts have no mandamus jurisdiction over state officials, *see Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969).

[13] If Denkenberger seeks to impose § 1983 supervisory liability on Horning and Blumberg in their individual capacities, he must establish that their subordinates "engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). As discussed in Part II.B.1, however, Denkenberger has failed to state a due process or other constitutional violation.